UNITED STATES OF AMERICA, Appellee,

v.

Jacob * JAH, aka Ibrahima Jah, Sileye Dia, Defendants–Appellants,

Marianne Kane, also known as Deiwo Kane, Madja Dia, also known as Alioune Dia, Belal Sow, Mamadou Dia, Yaya Dia, El Hadj Baba Ly, Ibrahima Gueye, Ousmane Diallo, Mamadou Kane, Defendants.

Nos. 05–2661–CR(L), 05–2662–CR(CON).

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Stephen A. Miller, Daniel A. Braun, Assistant United States Attorneys (for Michael J. Garcia, United States Attorney for the Southern District of New York), New York, N.Y., for Appellee.

---

* Because of a clerical error, Jacob Jah's name appears incorrectly as "Jaboc Jah" in the official caption, although it correctly appeared as "Jacob Jah" in the court below.

Peter E. Quijano, Quijano and Ennis, P.C., New York, N.Y., for Defendant–Appellant Jah.

Michael Hurwitz, Hurwitz Stampur & Roth, New York, N.Y., for Defendant–Appellant Dia.

Present: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jacob Jah and Sileye Dia appeal from judgments of conviction entered by the district court (Kaplan, *J.*), sentencing both appellants to 60–month terms of imprisonment, three years of supervised release, and a mandatory special assessment for, *inter alia,* conducting an unlicensed money-transmission business. Jah and Dia challenge the district court's conclusion that neither appellant qualified for a reduction in sentence under Section 2S1.3(b)(3) of the United States Sentencing Guidelines. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of issues presented on appeal, which we reference only as necessary to explain our decision.

Section 2S1.3(b)(3) of the Sentencing Guidelines mandates that a defendant's offense level be reduced to six, regardless of the amount of money involved in the offense, if the defendant can prove by a preponderance of the evidence that (1) the defendant did not know or believe that the funds were proceeds of unlawful activity or bulk cash smuggling was not involved in the offense; (2) the defendant did not act with reckless disregard of the source of the funds; (3) the funds were the proceeds of lawful activity; and (4) the funds were to be used for a lawful purpose. U.S.S.G. § 2S1.3(b)(3)(A)-(D).

There was no error in the district court's conclusion that the defendants had failed to satisfy their burdens as to the second and third prongs. The appellants' challenge must therefore fail.

We have considered all of appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.